IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-30024 |
| | ) | |
| TIMOTHY L. DAY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Timothy L. Day's sentencing hearing, held April 24 and April 26, 2007.  Defendant Day appeared in person and by his attorney James Elmore.  The Government appeared by Assistant United States Attorney Patricia McInerney.  On February 23, 2007, pursuant to a written plea agreement, Day pleaded guilty to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as alleged in the Indictment (d/e 1).  The United States Probation Office prepared a Revised Presentence Report (PSR), dated March 27, 2007.  The Government had no objections to the PSR.

1

Day objected to paragraphs 23 and 34 of the PSR.  Day objected to paragraph 23 which called for a base offense level of 20 based on his prior conviction for reckless homicide, a crime which the PSR characterized as a crime of violence under the Guidelines.  Day contended that reckless homicide was not a crime of violence under the Guidelines.  In support of his assertion, Day relied on the Seventh Circuit's decision in United States v. Rutherford and the Supreme Court's decision in Leocal v. Ashcroft. Rutherford, 540 F.3d 370 (7th Cir. 1995); Leocal, 543 U.S. 1 (2004).  For the reasons stated of record, the Court overruled the objection.

The Court noted that, because U.S.S.G. § 4B1.2(a)(1) of the Guidelines involved intentional acts only, according to Rutherford, reckless homicide did not qualify as a crime of violence under that subsection. Rutherford stated that, under the latter section (§ 4B1.2(a)(2)), the Court was required to focus on whether the underlying conduct presented a serious potential risk of physical injury rather than the consequences.

In viewing the underlying conduct, the Court expressed that the conduct in question should be viewed in its totality, not in a piecemeal fashion.  The Court reasoned that the underlying conduct in question was not simply speeding; rather, the conduct for which Defendant Day was

convicted involved recklessly operating a motor vehicle at a speed that was greater than reasonable and proper considering the existing traffic conditions and safety of persons on the roadway, failing to keep a proper lookout and crashing into two people, killing them, and driving away from the accident scene. Viewing the underlying conduct at issue in its totality, the Court determined that the conduct satisfied the crime of violence definition in § 4B1.2(a)(2) of the Guidelines.

The Court also stated that Defendant's reliance on <u>Leocal</u> was misplaced. The Court stated that <u>Leocal</u> was distinguishable because it dealt with the crime of violence definition in 18 U.S.C. § 16, not the sentencing Guidelines. Moreover, as specifically stated in the decision, <u>Leocal</u> did not address a case where the underlying conduct was based on recklessness, which was at issue here.

Day objected to paragraph 34 which recommended a one-point assessment in criminal history based on his prior conviction for battery. Day stated that there was no record showing that he had in fact pleaded guilty to the battery charge. For the reasons stated of record, the Court sustained the objection. The Court stated that the record was not clear whether Day had actually pleaded guilty to the battery charge. The Court

3

therefore disregarded the one-point in the criminal history that was assessed for the battery conviction, which reduced Day's criminal history points from 4 to 3.

Day had no other objections to the PSR. Therefore, the Court adopted the findings of the PSR as its own, with the exception of the sustained objection noted above. The Court determined that Day had a final offense level under the Guidelines of 17, and was in Criminal History Category II, which yielded a Guideline sentencing range of 27 to 33 months.

The Court noted that the Plea Agreement presumed that Defendant would be in Criminal History Category III. Based on that presumption, the Plea Agreement provided that, if the Court found that reckless homicide was a crime of violence under the Guidelines, the Court was to impose a sentence of 27 months imprisonment. The Court stated that, in reviewing the Plea Agreement, it appeared that the intent of the Plea Agreement was to give Defendant a sentence 10 percent below the minimum of the Guideline range in light of his cooperation. If that was the intent of the Plea Agreement, Defendant's sentence would be reduced from 27 to 24 months imprisonment. Defendant Day and the Government had no

objection to reducing the sentence to 24 months imprisonment with this agreed modification in the sentence. In light of the parties' agreement, the Court accepted the Plea Agreement with this agreed modification in the sentence.

The Court granted Defendant Day's oral motion to discharge his court-appointed counsel towards the end of the hearing. Day expressed his desire to proceed with the balancing of the hearing pro se, and the Court allowed him to do so. The Court, however, requested Attorney Elmore to remain as standby counsel until the end of the hearing.

THEREFORE, the Court sentenced Day to 24 months imprisonment. After his release from prison, Day was ordered to serve a term of two years of supervised release. No fine was imposed. The Court ordered Day to pay a special assessment of $100.00, which was due immediately. The Court advised Defendant Day of his right to appeal the finding that reckless homicide is a crime of violence under the sentencing Guidelines. Day asked that the Clerk be directed to file a Notice of Appeal on his behalf, and the Court directed the Clerk to do so. Based on the Defendant's indigency, the Court noted that Defendant was entitled to appointed counsel and a free transcript. The Court recommended that the Seventh Circuit appoint

counsel other than James Elmore due to friction that had surfaced in the hearing.

IT IS THEREFORE SO ORDERED.

ENTER: April 27, 2007.

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE